MARY AND JOHN S. PHELPS *vs.* THE STEAMSHIP CITY OF PANAMA.

Upon a proper showing made, new proofs may, on appeal in an admiralty cause, be introduced in this court. The decision in *Griffin vs. Nickels* to the contrary overruled.

A deposition, to be used as evidence in an admiralty cause, may properly be taken before a notary public.

The notice of ten days for the taking of the deposition herein was a reasonable notice.

The statute of the United States providing for the taking of depositions is to be strictly construed. The certificate of the notary does not show that the witness was duly cautioned as by the statute required.

The opening of such deposition by the clerk of this court and placing the same on file without an order of the court precludes its being received in evidence.

MOTION to strike deposition.

Opinion by LEWIS, Chief Justice.

In the Supreme court of Washington Territory, July term, 1877, motion to strike deposition of Ferdinand C. Ryder from the files. Motion for leave to introduce the same deposition in evidence on the trial here.

In the case of *Griffin vs. Nickels, infra,* 374, this court held, Justice Greene dissenting, that a cause in admiralty must be heard here, upon the proofs made in the District court, and that new evidence could not be introduced in the Supreme court.

Upon a careful consideration we are now satisfied that the ruling in that case was incorrect, and that, upon a proper case made, new proofs may be made in the Supreme court. Wherefore, so much of the opinion in the case referred to as holds a contrary doctrine, is hereby overruled.

Whether the courts in this Territory can exercise jurisdiction in admiralty, is a question raised in this cause, and will be heard and determined hereafter, but, for the purposes of these motions, the jurisdiction may be conceded, and we are all agreed that whatever jurisdiction we have, if any, is conferred by the provisions of the Organic act.

By the decisions of the courts of the United States, the rules of practice for those courts, promulgated by the Supreme court of the United States, together with the several acts of Congress touching the same, is builded the system of the

American admiralty, and in the exercise of such jurisdiction we will, in the absence of rules and practice to the contrary, promulgated by those courts, follow such practice.

The deposition in question was taken after an appeal was perfected, and the cause transferred to this court. It was so taken without leave asked, or granted, either by the District, or Supreme court. It was taken before a notary public, at Seattle, on the 14th December, 1876. A copy of this notice was served upon the proctors for libellants, on the 4th December, 1876 at Olympia.

The deposition could only be taken upon the order of this court, or under the provisions of the statutes of the United States. No leave, or order was obtained; hence, if the deposition be admitted, it must come within the provisions of the statute. Secs. 863-4-5.

The notice, we think, was reasonable, and the deposition might well be taken before a notary public. The deposition was forwarded, under seal, to the clerk of this court, and without any order from the court, or any of the justices thereof, was opened and placed upon the files.

The certificate of the notary shows that the witness was "duly sworn," was, before examination; "sworn to testify the truth, the whole truth, and nothing but the truth." The provisions of the statutes are that the witness "shall be cautioned and sworn to testify the whole truth." (Sec. 864.) And the deposition shall be sealed up, and directed to the court, and remain under seal until opened in court. Sec. 865.

The Supreme court of the United States hold, that the fact of the deposition not having been opened in court is a fatal objection. (*Bee vs. Thompson*, 8 Cr., 70.) So the act providing for the taking of the deposition has ever been construed strictly. The act requires the witness shall be cautioned, as well as sworn. It does not here appear that this was here done. *Luther vs. The Schooner*, 1 New., 4.

These cases are exactly in point, and it is no hardship to require counsel to bring themselves exactly within the provisions of the statute, especially in such cases as this, wherein the law has been so long settled.

The motion to strike must be sustained, and the motion for leave denied.